## GEORGE MILLS ROGERS

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed December 23, 1896.*

FEES AND SALARIES—*Master in Chancery's fees.* A Master in Chancery is entitled to only such fees in taking testimony as are fixed by statute.

It appears from the evidence that the claimant was one of the Masters in Chancery of the circuit court of Cook county and that to him, as such Master, was referred the case of the Attorney General, etc. v. Elizabeth Cooling, to hear the evidence and report his conclusions.

It appears further that on behalf of the State there was taken before said Master 1,825 pages of testimony. For this service the claimant demands that the State pay him 50 cents per page or $912.50, less $450.00 by him received.

The claim is for services for which the statute fixes the rate of compensation. Section 20, Chapter 53, Revised Statute of Illinois, provides that Masters in Chancery for taking and reporting testimony under order of court shall receive the same fee as for taking depositions; and in the same act it is provided that Masters shall receive for taking depositions a fee of 15 cents per one hundred words. It is conceded that the pages of testimony, for which this claim is made, average about 250 words, for which the legal fee would be thirty-seven and one-half cents, but it is urged that the claimant attended personally to the taking of the depositions and that therefore 50 cents per page is a reasonable charge. It is hardly presumable that the statute fixing the fees at 15 cents per one hundred words contemplated that the Master should earn such fees without performing the services. Doubtless the original method of taking such testimony was for the Master to write out the testimony as given, and for this he would receive his fee. But this method has been superseded by the

present mode of employing a stenographer to do the work, whereby the Master, with little effort and in a short space of time becomes entitled to a large amount of fees, while the actual work of taking the testimony is done by the stenographer, who is paid as much or more for his work, as is evidenced by the claim for stenographer's fees for reporting this same testimony. While the method of taking testimony has changed the law has remained the same. In the matter of statutory fees the State should be bound by its laws the same as private suitors. If the law, as it is, permits officers to charge large fees for small services, the State at least should not complain.

This claim, like part of the O'Connor claim, was presented for allowance to the 39th General Assembly, and $450.00 was appropriated by the Legislature and paid to the claimant. While it is probable that the Legislature thereby intended to discharge the whole claim, yet the Master's fees having been fixed by statute, the statute should prevail.

If the claimant has rendered any extraordinary or unusual services not enumerated in the act above cited, the circuit court of Cook county, may, under said act, make him a special allowance therefor. No order for such allowance appears to have been made and, in fact, the only services rendered were such as are specifically provided for in the act. The legal fee for taking this testimony is 15 cents per one hundred words or thirty-seven and one-half cents per page, making $684.38. Upon this there has been paid $450.00, thus leaving due the balance of two hundred thirty-four dollars and thirty-eight cents.

It is therefore ordered by the Commission that the Claimant have and receive in full for his aforesaid claim against the State of Illinois the sum of two hundred thirty-four dollars and thirty-eight cents ($234.38.)